UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ARMAMENT SYSTEMS & PROCEDURES, INC.,

    Plaintiff,

v.                                          Case No. 06-C-829

WALGREEN COMPANY,

    Defendant.

# ORDER

In an order dated February 16, 2007, this court placed the plaintiff on notice that the case would be dismissed within 21 days because no proof of service had been filed. The court noted: "The complaint in this action was filed on August 3, 2006. More than 120 days have passed since the filing of the complaint and no proof of service has been filed with the court to date." (Docket No. 6.) Seven days later, on February 23, 2007, plaintiff effected service on the defendant.

Defendant has now moved to dismiss on the grounds that service was untimely. It notes that this court's notice indicated that the court "will dismiss" the action and suggests that even though the plaintiff served the complaint soon after the notice, it was still tardy by several weeks. Plaintiff argues that service was adequate because this court's notice essentially operated as an extension of time in which to serve the defendant.

Whether notice from the court constitutes an explicit extension of time or not, it is true that there would be little point in issuing a "notice" to a plaintiff under Local Rule 41.1 if dismissal were already inevitable. The important point is that the plaintiff must serve the defendant promptly or

the case will be dismissed. It is not generally a litigated issue because the remedy is quite limited – either the case is to be dismissed *without* prejudice, or the court will allow service within a reasonable time. Either way, the unserved defendant secures little advantage. When, as here, service is a *fait accompli* and is otherwise adequate (apart from being tardy), there seems little to be gained by quashing service or dismissing the case without prejudice, which is what the defendant seeks. Instead, I will simply find that service has been successful within the time period implicitly authorized by court order. Accordingly, the motion to dismiss is **DENIED**.

**SO ORDERED** this   14th   day of May, 2007.

                                                                s/ William C. Griesbach                
                                                                William C. Griesbach
                                                                United States District Judge